## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION


IN RE: ROUTE 91 HARVEST FESTIVAL
SHOOTINGS IN LAS VEGAS, NEVADA,
ON OCTOBER 1, 2017                                              MDL No. 2864


### ORDER DENYING TRANSFER


**Before the Panel:**[*]   MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort
Group, MGM Resorts Venue Management, LLC, and MGM Resorts Festival Grounds, LLC
(collectively, MGM) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this
litigation.   The motion encompasses thirteen actions pending in eight districts, as listed on
Schedule A.   MGM does not request a particular transferee district.   Defendants Live Nation
Worldwide, Inc., and Live Nation Group d/b/a OneNationGroup, LLC, join MGM's motion.
Plaintiffs in the *Sheppard* action pending in the District of Nevada oppose centralization and,
alternatively, suggest the District of Nevada as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization
will not serve the convenience of the parties and witnesses or further the just and efficient conduct
of this litigation.   These actions arise from an October 1, 2017, mass shooting (the Harvest Festival
Shooting), during which Stephen Paddock, firing from a room at the Mandalay Bay hotel, killed or
wounded hundreds of individuals attending a country music festival across the street.   Nine of the
actions, though, are declaratory judgment actions brought by MGM against approximately 1,977
individuals who either previously sued or have threatened to sue MGM for failing to employ
adequate safety measures with respect to its hotel operations and management of the concert venue
that allegedly could have prevented the shooting.[1]  In each of these actions, MGM seeks a declaration
that any state-law claims arising against MGM from the Harvest Festival Shooting are barred by the
SAFETY Act of 2002, 6 U.S.C. §§ 441-444, and that MGM has no liability to plaintiffs under the
Act.[2]   Whether the SAFETY Act is applicable to these claims is a legal question.   MGM seeks

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] MGM owns both the Mandalay Bay hotel and the property where the Route 91 Harvest
Festival took place.

[2] The Support Anti-terrorism by Fostering Effective Technologies Act of 2002 (the SAFETY
Act), 6 U.S.C. §§ 441-444, creates a federal cause of action for "claims arising out of, relating to,
or resulting from an act of terrorism when qualified anti-terrorism technologies have been deployed
in defense against or response or recovery from such act and such claims result or may result in loss

(continued...)

-2-

efficiencies through centralized treatment of this disputed legal question, which also is at issue in the four individual negligence actions listed on the motion, which were removed on the basis of the SAFETY Act. But, "[m]erely to avoid [different] federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009). The declaratory judgment actions do not, on their own, present sufficiently numerous or complex common questions of fact to merit centralization.[3]

The other four actions listed on Schedule A, as alluded to, are individual negligence actions naming MGM as a defendant. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Here, three of the four negligence actions are pending in one district (the Central District of California) and are being coordinated by one judge. Thus, we are presented with one negligence action in the District of Nevada and three coordinated negligence actions in the Central District of California (as well as the nine declaratory judgment actions, which present few factual questions). There also is significant overlap among counsel in these actions.[4] At this point, voluntary cooperation and coordination among the small number of parties and involved courts appears feasible. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings in this litigation. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

MGM argues that this litigation will expand significantly. In particular, MGM emphasizes that it has received pre-litigation hold letters from at least 63 attorneys on behalf of 2,462 individuals, and that one attorney claims that 22,000 lawsuits are expected. Yet, only 38 negligence actions have been filed to date, and 34 of those were voluntarily dismissed. The Panel generally does

---

[2](...continued)
to the" seller of such qualified anti-terrorism technologies. *Id.* § 442(a)(1).

[3] The narrow scope of the jurisdictional discovery recently ordered with respect to plaintiffs' remand motion in the *Sheppard* action (one of the four negligence actions) demonstrates the limited benefit that centralization would provide the declaratory judgment actions. At oral argument, MGM's counsel suggested that more substantive fact questions regarding the Harvest Festival Shooting and MGM's preventative measures could be introduced into the declaratory judgment actions through counterclaims. No such counterclaims have been filed, however, and speculation regarding the declaratory judgment defendants' future actions is insufficient to justify centralization.

[4] Counsel for the District of Nevada *Sheppard* plaintiffs have entered appearances in each of the California actions on behalf of the California plaintiffs. Counsel for the *Sheppard* plaintiffs also maintain that they represent or are coordinating with counsel representing nearly all the 1,977 defendants named in the declaratory judgment actions.

-3-

not "take into account the mere possibility of future filings" when considering centralization. *In re Qualitest Birth Control Prods. Liab. Litig.*, 38 F. Supp. 3d 1388, 1389 (J.P.M.L. 2014) (quoting *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013)). Moreover, plaintiffs have indicated their intent to pursue this litigation in Nevada state court. With dismissal and remand motions pending in all actions, it is possible that, instead of expanding, the federal litigation will lose its multidistrict character or cease altogether. As the contours of this litigation are not yet apparent, centralization is inappropriate.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Lewis A. Kaplan
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

**IN RE: ROUTE 91 HARVEST FESTIVAL
SHOOTINGS IN LAS VEGAS, NEVADA,
ON OCTOBER 1, 2017**                                      MDL No. 2864

## SCHEDULE A

District of Alaska

MGM RESORTS INTERNATIONAL, ET AL. v. CORBIN, ET AL.,
    C.A. No. 3:18-00168

District of Arizona

MGM RESORTS INTERNATIONAL, ET AL. v. BOOTH, ET AL.,
    C.A. No. 2:18-02250

Central District of California

RAMIREZ, ET AL. v. MGM RESORTS INTERNATIONAL, ET AL.,
    C.A. No. 2:18-05564
PEREDA v. MGM RESORTS INTERNATIONAL, ET AL., C.A. No. 2:18-05570
MAGGIORE v. MGM RESORTS INTERNATIONAL, ET AL., C.A. No. 2:18-05640
MGM RESORTS INTERNATIONAL, ET AL. v. AASE, ET AL., C.A. No. 2:18-06113
MGM RESORTS INTERNATIONAL, ET AL. v. ABNER, ET AL.,
    C.A. No. 2:18-06197

Southern District of Florida

MGM RESORTS INTERNATIONAL, ET AL. v. BRASFIELD, ET AL.,
    C.A. No. 1:18-22883

District of Nevada

SHEPPARD, ET AL. v. MANDALAY BAY, LLC, ET AL., C.A. No. 2:18-01120
MGM RESORTS INTERNATIONAL, ET AL. v. ACOSTA, ET AL.,
    C.A. No. 2:18-01288

Southern District of New York

MGM RESORTS INTERNATIONAL, ET AL. v. SOCCI, ET AL.,
    C.A. No. 1:18-06451

-A2-

Southern District of Texas

MGM RESORTS INTERNATIONAL, ET AL. v. ARCHAMBEAULT, ET AL.,
    C.A. No. 4:18-02465

District of Utah

MGM RESORTS INTERNATIONAL, ET AL. v. EARDLEY, ET AL.,
    C.A. No. 2:18-00567